IN THE SUPREME COURT OF TEXAS









IN THE SUPREME COURT OF TEXAS

 

════════════

No. 04-0953

════════════

 

In re Norman F. Newton,
Individually and as Treasurer of Associated Republicans of Texas Political
Action Committee, and Associated Republicans of Texas Political Action
Committee

 

 

════════════════════════════════════════════════════

On Petition for Writ of Mandamus

════════════════════════════════════════════════════

 

Justice Wainwright, concurring.

Real parties Bobby Glaze and David Leibowitz filed suit on October 18, 2004 contending that
the Associated Republicans of Texas Political Action Committee and Norman
Newton, its treasurer, (collectively ART PAC) violated provisions of the Texas
Election Code by illegally soliciting, accepting, and expending corporate funds
for four years and in the 2004 election in detriment to plaintiffs= campaigns for election to the Texas
Legislature and to the election process. The trial court issued a temporary
restraining order restricting the political speech rights of ART PAC.  It held that ATexas
Election Code Section 253.100, in conjunction with Sections 253.003, 253.004,
253.005, and 253.094, prohibits corporations and unions from giving their
treasury funds to any unconnected general purpose political action committee@ and found that ART PAC violated these
statutes.  Its order further precluded
ART PAC from soliciting, accepting, or expending any such funds.  The trial court set the temporary injunction
hearing on this dispute for November 3, 2004, the day after the election.

Relators seek mandamus
relief from the restraining order and argue that the dispute involves issues of
statewide importance and urgent time constraints in light of the pending election.  Relators further
contend that if not resolved immediately their rights under the United States
and Texas Constitutions to free speech during this election cycle will be
permanently denied.

It is fundamental to a free and democratic society
that persons have the right to publicly express their opinions on candidates
seeking election to public office and that the candidates have the right to
express their opinions on issues of the day. 
See Carroll v. President and Comm=rs of
Princess Anne, 393 U.S. 175, 182 (1968) (AIt
is vital to the operation of democratic government that the citizens have facts
and ideas on important issues before them.@).  For this reason, the United States Supreme
Court vigorously protects speech.  With
relatively few exceptions, the United States Supreme Court strongly disfavors
prior restraints on free speech.  CBS
Inc. v. Davis, 510 U.S. 1315, 1317 (1994) (Aprior
restraints are particularly disfavored@);
Avis Rent a Car Sys. v. Aguilar, 529 U.S. 1138, 1142 (2000) (Thomas, J.
dissenting) (injunctions that create prior restraints on speech raise Athe strictest scrutiny known to our
First Amendment jurisprudence@).  A prior restraint, unlike a subsequent
damages action or prosecution, if appropriate, has an immediate and irreversible
sanction.  Davis, 510 U.S. at 1317
(citing Neb. Press Ass=n
v. Stuart, 427 U.S. 539, 559 (1976)). 
Accordingly, a prior restraint of expression bears Aa heavy presumption against its
constitutional validity.@  Carroll, 393 U.S. at 181 (citing Bantam
Books v. Sullivan, 372 U.S. 58, 70 (1963)).

Moreover, Aeven
where this presumption might otherwise be overcome, the Court has insisted upon
careful procedural provisions, designed to assure the fullest presentation and
consideration of the matter which the circumstances permit.@ 
Carroll, 393 U.S. at 181. 
The absence of appropriate evidence and argument from the adverse
parties to inform judicial determinations may be Ainsufficient
assurance of the balanced analysis and careful conclusions which are essential in
the area of First Amendment adjudication.@  Id. at 183.  Without such procedural safeguards for
issuance of a prior restraint against speech, the value of the judicial
determination and its validity may be diluted.  See id. (prior
restraint against political speech that was issued ex parte
determined to be invalid).

Real parties filed this lawsuit on October 18 and
obtained a temporary restraining order two days later based on real parties= verified pleadings and argument of
counsel for the parties.  No evidence was
taken and the parties had insufficient time to fully and carefully brief the
issues.  The parties present no record of
the hearing in the trial court.  An
injunction hearing to allow consideration of evidence and further briefing to
test the sufficiency of the restraining order was scheduled to occur after the
election, when the ability to exercise the constitutional rights at issue would
have been moot.  The trial court decided
the issue on the merits, finding that Relators Aviolated the Texas Election Code,@ and did so with the barest of
procedural protections for vital First Amendment rights.  The circumstances of the issuance of the
restraining order raise significant concerns in light of the precautions the
Supreme Court warned are necessary under the Constitution.

I join the Court=s
opinion for the reasons stated therein and for these additional reasons.

 

________________________________________

J. Dale Wainwright

Justice

 

 

OPINION
ISSUED:  October 26, 2004